983 F.2d 1058
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Lonnie Glen SCHMIDT, Defendant-Appellant.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
James Eugene LEWIS, Defendant-Appellant.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Thomas Calvin DUNLAP, Sr., Defendant-Appellant.
 Nos. 92-5080, 92-5082, 92-5081
 United States Court of Appeals, Fourth Circuit.
 Submitted: November 23, 1992
Decided: December 31, 1992
 
 Robert D. Potter, District Judge. (CR-89-114-C)
 Affirmed by unpublished per curiam opinion.
 Lonnie Glen Schmidt, James Eugene Lewis, Thomas Calvin Dunlap, Sr., Appellants Pro Se.
 Alan Hechtkopf, Brett Mary Dignam, Robert E. Lindsey, United States Department of Justice, Washington, D.C., for Appellee.
 W.D.N.C.
 Affirmed.
 Before HALL, MURNAGHAN, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Lonnie Glen Schmidt, James Eugene Lewis, and Thomas Calvin Dunlap were convicted by a jury of a number of tax law violations as a result of their participation in a fraudulent investment scheme known as "Unincorporated Business Organizations" (UBOs). Schmidt was sentenced to serve 108 months' imprisonment, followed by three years of supervised release, under the United States Sentencing Guidelines; Lewis was sentenced to four years' imprisonment on the non-guidelines counts and fifty-seven months' imprisonment on the counts imposed under the guidelines, to run consecutively, followed by three years of supervised release; Dunlap was sentenced under the guidelines to eighty-four months' imprisonment, followed by three years of supervised release. We affirmed all convictions but remanded for resentencing on the guidelines counts. United States v. Schmidt, 935 F.2d 1440 (4th Cir. 1991).
 
 
 2
 At issue was the proper calculation of the "tax loss" for purposes of arriving at a base offense level. We held that the district court had incorrectly calculated a base offense level of fourteen by using a method which overstated the government's tax loss. After a lengthy resentencing hearing, the district court applied U.S.S.G. § 2T1.9(a)(2), which establishes a minimum base offense level of ten. From the final sentences imposed, Schmidt, Lewis, and Dunlap appeal.
 
 
 3
 The sentences here are governed by U.S.S.G. § 2T1.9, "Conspiracy to Impair, Impede or Defeat Tax." Under U.S.S.G.s 2T1.9, the base offense level is the greater of 10 or the offense level determined from U.S.S.G. § 2T1.1 (inapplicable here) or U.S.S.G. § 2T1.3, which calculates the base offense level on the basis of "tax loss" from the Tax Table in U.S.S.G. § 2T1.4. The district court, after remand, determined that "tax loss" could not be accurately calculated and instead applied the minimum base offense level of ten. This is a factual deter mination which we review for clear error. United States v. Daughtrey, 874 F.2d 213 (4th Cir. 1989). We find no such error and, therefore, affirm the sentences imposed by the district court.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 4
 ---------------
 
 
 
 * We deny the motions for summary judgment filed by Schmidt and Dunlap because, contrary to their assertions, this Court does not require Appellees to file informal briefs. See 4th Cir. R. 34(b).